[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was returned to court on October 14, 1997, the complaint consisted of three counts. The first and second counts refer to the defendant Sean P. McNamee only, the third count seeks relief for alleged violations of the Connecticut Unfair Trade Practices Act committed by both defendants.
Counts one and two relate to an alleged error committed by the defendant, Sean P. McNamee in the preparation of the plaintiff's 1994 personal federal and state income tax returns. This error is described by plaintiff as improperly identifying the "filing status" of the plaintiff. In count one the plaintiff characterizes this error as a breach of the parties agreement that defendant would provide services in a professional and competent manner in accordance with applicable accounting standards.
In count two plaintiff characterizes the defendant's conduct as providing such services in a negligent manner.
Plaintiff describes count one as for breach of contract and count two as malpractice by an accountant.
The gravamen of count three is two fold; first. MeNamee and his corporate successor assessed finance charges of 1.5% per month against the plaintiff on claimed outstanding balances due even though there was no written agreement between the plaintiff and the defendants to permit the assessment of finance charges and the defendant [defendantsl and continued said practice through January, 1996; secondly, the defendants applied amounts paid by the plaintiff on account of accounting and tax preparation services for her personally against outstanding invoices of a corporation in which the plaintiffs husband was the CT Page 7820 sole principal and continued this practice through January, 1996.
Although not specifically alleged in the complaint, plaintiff also offered documentary evidence that in one instance the defendant McNamee billed both the corporation and the plaintiff individually for plaintiff's personal 1984 income tax return. The defendant corrected this error as soon as it was brought to his attention.
The defendant W.F. McNamee Co., LLC, appeared by counsel and filed an answer and special defense. The answer substantially denied the allegations made by plaintiff. The special defense alleged that it was not liable for the damages set forth in counts one, two and three since the formation and organization of the entity W.F. MeNamee Co., LLC commenced on January 1, 1996 considerably subsequent to the events described in counts one and two.
The defendant Sean P. McNamee represented himself in this matter. The operative pleading before the court was his answer of January 11, 1999. Responding to the first count he admitted paragraphs one, two and three. With regard to paragraph four of the first count McNamee admitted an error in the preparation of plaintiffs 1994 income tax return but denied he breached his agreement with plaintiff to provide services in a professional and competent manner in accordance with applicable accounting standards.
With regard to the second count of the complaint, McNamee admitted the first three paragraphs. With regard to paragraph four of the second count he admitted he improperly identified the filing status of the plaintiff but denied the remaining allegations of the paragraph.
In his answer McNamee admitted paragraphs one and two of the third count. He disagreed with the dates specified by plaintiff in the third paragraph of this count. McNamee denied the allegations contained in paragraph four of the third count and pleaded affirmatively the existence of an engagement letter. Defendant McNamee denied all of the allegations contained in paragraphs five and six.
At the hearing the plaintiff agreed that counts one and two are not directed against the defendant W.F. MeNamee Co., LLC. The evidence reveals that the defendant W.F. McNamee Co., LLC CT Page 7821 commenced operations on January 1, 1996. The corporation assumed all accounts payable and receivable of its predecessors W.F. McNamee Co., LLC and sent one bill to this defendant in January, 1996 claiming interest on account payable. Subsequently and long prior to suit defendant gave plaintiff a credit in full for this bill. The facts and circumstances developed in trial convinces the court that such a minimal event does not warrant a finding that CUTPA was violated. Accordingly the third count against W.F. McNamee Co., LLC is dismissed.
Starting in 1982 or 1984 the plaintiff and her husband employed the defendant W.F. McNamee Co., to prepare their joint personal income tax returns. At that time the plaintiff's husband Anthony Fazio was the president and principal owner of Robert Alan, Incorporated. The corporation also employed the defendant as its accountant for the preparation of its income tax returns. The plaintiff was the secretary of the corporation which was engaged in the beauty salon business. She customarily brought the pertinent corporate tax relevant data to the attention of defendant. The plaintiff also customarily brought tax relevant personal income tax data relating to the joint income tax responsibility of her and her husband to the defendant. Prior to the preparation of their 1994 personal income tax return the plaintiff and her husband had always filed joint returns. The Fazio's experienced marital difficulties in 1994 and lived apart at various times. In 1995 the parties were divorced, in February of 1995 the plaintiff brought relevant tax data into the defendant so that he could prepare both corporate tax returns and individual tax returns. At that time, February 19, 1995, Mrs. Fazio and Mr. Fazio were still married but living apart, Mrs. Fazio initiated a divorce complaint on June 20, 1995 and the marriage was dissolved on September 22. 1995. There is a dispute as to what instructions plaintiff gave McNamee but it is certain he was aware a divorce action was being considered. There is also a dispute as to whether or not Mrs. Fazio gave him explicit information about whether or not the parties were separated or for how long they had lived together in 1994. MeNamee alleges he ultimately prepared a married filing separate return for Mr. Fazio and a head of household return for the plaintiff because he believed the plaintiff was eligible for the status. Although this status would have minimized her taxes he later learned she could not qualify. Defendant was aware in February of 1995 that plaintiff and not her husband was the person who was going to pay the tax liability whatever developed on her return. CT Page 7822
On April 14, 1995 the plaintiff picked up her return at defendant's office, McNamee contends that Mrs. Fazio rejected a proffered "head of household return". Mrs. Fazio denies this, at any rate the 1994 return filed by the Fazio's (exhibit J) specified the filing status as "married filing joint return". McNamee admits he prepared this return or caused it to be prepared by a subordinate when Mrs. Fazio expressed a reluctance to sign a head of household return. It is apparent at this point that the optimum filing status for the plaintiff in 1994 was "married filing separate". In (exhibit G) McNamee admitted it was an error on his part not to claim this status on plaintiff's 1040 of the 1994 tax return. This error constitutes a breach of the implied contract between the parties obligating McNamee to minimize plaintiffs 1994 tax liability.
The second count alleges negligence on the part of the defendant in that he failed to provide services in a professional and competent manner in accordance with applicable accounting standards. The plaintiff offered no evidence of an expert nature to either establish these standards or to establish that the defendants conduct deviated from such standards, accordingly the court will find for the defendant on the second count.
The plaintiff's third count is in its final analysis, predicated on interest charges assessed against plaintiff on claimed outstanding balances despite the absence of a written authorizing agreement. Plaintiff also charges the defendant with improperly applying amounts paid by the plaintiff to outstanding invoices of the Robert Alan Corporation. When defendant learned there was one such misapplication he took corrective measures.
It is significant that the plaintiff was the secretary of the Robert Alan Corporation, the legal status of her husbands beauty salon business. For many years plaintiff brought the corporation data along with her personal data to the defendant at tax time. She reviewed invoices sent to the corporation and paid them even though interest was charged to the corporation on unpaid balances at various times over the lengthy business relationship which extended back to 1984. Since the corporation is not a party to this law suit, those interest charges are not an issue.
In February of 1992 at about the time the defendant was preparing the joint tax return for Mr. and Mrs. Fazio, the plaintiff signed an engagement letter(exhibit A) which provided that all invoices to her personally would include a finance CT Page 7823 charge of 1% per month assessed against her and her husband for their individual tax returns. The defendant prepared plaintiffs and her husband's joint tax returns for 1992, 1993 and invoiced accordingly without complaint from the plaintiff or her husband. The 1994 tax return of Mrs. Fazio and her husband was prepared as a joint return in 1995 and is the focus of this law suit. Discovery revealed some minor interest charges and no further engagement letters.
The plaintiff attempted without success to mediate this dispute by crediting her records and her husband's invoices and those of the corporation for all outstanding invoices as of January 1, 1996. The court finds an agreement implied in fact on the part of the plaintiff to pay interest charges on all invoices for personal income tax returns prepared subsequent to February. 1992. This agreement plus the fact that the plaintiff has received a credit for any interest she actually paid together with a credit eliminating any outstanding balance suggests to the court that a finding for the plaintiff on the CUTPA count would be unfair to the defendant.
Accordingly the court finds for the defendant on the third count.
Judgement may enter for the plaintiff on the first count in the amount of $1,258.00 plus prejudgment interest in the amount of $209.66, plus costs.
Dorsey, J., Judge Trial Referee